**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MUDASAR ASGHAR,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-1290

Agency No.
A203-681-527

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 21, 2023
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and McMAHON, District
Judge.**

Mudasar Asghar, a native and citizen of Pakistan, appeals from a Board

of Immigration Appeals (BIA) decision affirming an Immigration Judge's (IJ's)

denial of asylum, withholding of removal, and protection under the Convention

Against Torture (CAT).  As the parties are familiar with the facts, we do not

restate them here.  We have jurisdiction under 8 U.S.C. § 1252.  We deny the

---

*        This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Colleen McMahon, United States District Judge for
the Southern District of New York, sitting by designation.

petition.

1. "Taking the totality of the circumstances into account," substantial evidence supports the agency's adverse credibility determination. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). The agency's determination turns on implausible statements made at Asghar's merits hearing and critical inconsistencies pertaining to his protection claim. For example, Asghar claimed he was unaware that he could obtain a visa to travel to the United States or enter the country at a land-based port of entry. However, the petitioner has an extended history of travel to multiple countries, including a months-long stay in Russia, and has obtained visas to travel to such countries. The agency properly deemed this statement, and others regarding Asghar's ability to report his assault to police, implausible.

The agency also identified multiple inconsistencies between statements made at Asghar's credible fear interview and at his merits hearing. These inconsistencies, regarding Asghar's reasons for leaving Pakistan, his prolonged stay in Russia, and his possible conversion to Shia Islam, are relevant to his protection claim and were not explained in his testimony, and though Asghar offered explanations for these inconsistencies at the hearing, the agency "reasonably reject[ed]" them or properly deemed them implausible. *Barseghyan v. Garland*, 39 F.4th 1138, 1143 (9th Cir. 2022). For example, at his credible fear interview, Asghar claimed that he never considered leaving Pakistan before he was assaulted in June 2019. Yet at his merits hearing,

Asghar admitted to meeting in May with his travel agent, who "explain[ed] the possibility" of Asghar departing Pakistan for the United States." This inconsistency relates directly to Asghar's motivation for fleeing Pakistan and Asghar failed to adequately explain it in the hearing.

Similarly, Asghar provided contradictory testimony about whether he converted to Shia Islam before leaving Pakistan. At his credible fear interview, Asghar stated that both he and his wife, Fatima Nadeem, were persecuted for "changing our sect from Sunni and Shia to Ahle-Tashi," the latter of which is synonymous with Shia Islam. Yet, at his merits hearing, Asghar confirmed that he "did not become Shiite," though neighbors may have suspected that he converted. The agency properly relied on these and other inconsistencies in making its adverse credibility determination.

Finally, the agency's demeanor finding "specifically and cogently" referenced hearing testimony in which the petitioner appeared to grow agitated and combative. *Arulampalam v. Ashcroft*, 353 F.3d 679, 685 (9th Cir. 2003). The agency noted Asghar's "audibly agitated demeanor" when responding to questioning by government counsel. The trial transcript reflects multiple confrontations between Asghar and government counsel during cross examination that support the agency's conclusion. For example, responding to the government attorney's presentation of social media posts suggesting that Asghar may have made misleading statements about his visits to Russia, Asghar appears to grow increasingly frustrated.

3                                                          21-1290

Under the "extremely deferential" substantial evidence standard, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), we are not "compelled to conclude" that the agency erred in its adverse credibility determination. 8 U.S.C. § 1252(b)(4)(B).

2. Asghar was not prejudiced by incompetent translation at his merits hearing in violation of his due process rights. While "[i]t is long-settled that a competent translation is fundamental to a full and fair hearing," *Perez-Lastor v. INS.*, 208 F.3d 773, 778 (9th Cir. 2000), to establish a due process violation based on incompetent translation, a petitioner must (1) provide evidence of mistranslation and (2) establish prejudice by demonstrating "that a better translation would have made a difference in the outcome of the hearing." *Acewicz v. INS.*, 984 F.2d 1056, 1063 (9th Cir. 1993) (citing *Tejeda-Mata v. INS*, 626 F.2d 721, 727 (9th Cir. 1980)).

3. Here, the trial transcript contains some evidence of mistranslation, including "direct evidence of incorrectly translated words, unresponsive answers by the witness, and the witness' [sic] expression of difficulty understanding what is said to him." *Siong v. INS.*, 376 F.3d 1030, 1041 (9th Cir. 2004). However, most of these errors were corrected through further questioning or requests for clarification. *See Kotasz v. INS.*, 31 F.3d 847, 850 n.2 (9th Cir. 1994) (stating that translation errors may be "rectified" through "[c]larification or repetition" at a petitioner's hearing).

Ultimately, Asghar was not prejudiced by instances of incompetent

translation that remained unclarified. "When the BIA bases its denial of an asylum claim on an adverse credibility finding, as it did here, evidence that the translation caused the BIA to disbelieve the petitioner's testimony is sufficient to show prejudice." *Perez-Lastor*, 208 F.3d at 780 n.8. Here, the unclarified translation errors were relatively minor and did not outweigh the substantial evidence supporting the agency's adverse credibility finding. As such, Asghar has not provided sufficient evidence that translation errors caused the agency to disbelieve his testimony, in light of voluminous, properly translated testimony supporting the agency's adverse credibility determination.

4. Substantial evidence supports the agency's conclusion that Asghar failed to carry his burden of proof, independent of his testimony, on his asylum, withholding, and CAT claims. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) ("[F]actual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief" are reviewed for "substantial evidence."). The agency properly observed that the country conditions evidence in this case is mixed, and Asghar offers no further evidence in support of his protection claims. Asghar instead argues that the agency's cursory treatment of such evidence warrants remand, analogizing his case to *Davila v. Barr*, 968 F.3d 1136 (9th Cir. 2020), in which we remanded to the BIA based on its "selective[]" citation to country conditions evidence. *Id*. at 1143.

But here, the agency properly reviewed equivocal country conditions evidence in the record. While the country conditions reports suggest that Shia Muslims are targeted by the government and certain sectarian groups, the same reports note that the Pakistani government has attempted to tamp down such violence. Thus, substantial evidence supports the agency's conclusion that "the same evidence demonstrates that the Pakistani government protects Shias and inter-sectarian couples from harm, and actively combats sectarian violence and discrimination towards such groups."

Asghar offers no other arguments to contest the agency's denial of asylum, withholding, and CAT protection. Accordingly, the agency's denial of relief was proper.

**PETITION DENIED.**